UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IAN MOTIPERSAD,

                        Petitioner,

        -against-

UNITED STATES OF AMERICA,

                        Respondent.
-------------------------------------------------------X

**MEMORANDUM & ORDER**

06 CV 325 (RJD)

DEARIE, Chief Judge.

       Petitioner Ian Motipersad moves under 28 U.S.C. § 2255 for relief from his conviction and sentence. Denial of the application requires little discussion.

       On September 15, 1998, petitioner entered a plea of guilty before Magistrate Judge Robert Levy to a two-count information charging him with robbery conspiracy in violation of 18 U.S.C. § 1951 and use of a firearm in violation of 18 U.S.C. § 924(c). Upon Magistrate Levy's recommendation I accepted the plea and on March 3, 2000, for the reasons expressed on the record that day, I downwardly departed 96 months from the guideline-prescribed range and sentenced petitioner principally to 204 months' incarceration. Petitioner appealed his sentence on the ground that his attorney was ineffective for failing to have secured him an even greater downward departure. The Second Circuit rejected the claim and affirmed the conviction and sentence by summary order dated March 16, 2001.

       Petitioner did not seek 2255 relief, however, until nearly five years later, in January 2006, well beyond the one-year statute of limitations ordinarily applicable on 2255. See 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section"); id. at (f)(*1*) (the

period ordinarily runs from "the date on which the judgment of conviction becomes final"). The nature of petitioner's sole 2255 claim, however—a request for relief under what he regards as a "new right" under United States v. Booker, 543 U.S. 220 (2005)—arguably triggers subparagraph (f)(*3*) of section 2255, which allows a motion to be made as late as one year after "the date on which the right asserted was initially recognized by the Supreme Court."

Booker was issued on January *12*, 2005; assuming for the moment that petitioner had any right to assert under Booker, I would find the petition timely because petitioner certifies that he delivered his motion to prison officials for mailing on January *6*, 2005. Petition at 14. See Houston v. Lack, 487 U.S. 266, 267 (1988) (*per curiam*) (establishing in the *pro se* prisoner context the "bright line rule" that the "moment of filing" is "the moment when the *pro se* prisoner necessarily loses control over his notice [of appeal]: the moment of delivery to prison officials for forwarding"); Moshier v. United States, 402 F.3d 116, 117 (2d Cir. 2005)( *per curiam*) (following "prison mailbox rule" of Houston v. Lack in 2255 context). In light of these authorities, the government's distracting limitations-based arithmetic involving two *other* dates—the 17th of January, when petitioner's application was date-stamped as received by the Clerk's office, or the 26th of January, when it was docketed—was hardly a helpful way to address the matter.

In any event, I do conclude that the petition is time-barred and, for precisely the same reason, lacking in merit. It is well established among the Circuit Courts of Appeal that Booker is not applicable retroactively on collateral review. See Green v. United States, 397 F.3d 101 (2d Cir. 2005); Guzman v. United States, 404 F.3d 139, 141 (2d Cir.) (collecting authorities), cert. denied, 546 U.S. 1035 (2005). Booker therefore cannot furnish petitioner, whose conviction became final four years earlier, with an actionable claim under 2255. For the same reason, Booker does not vest in petitioner any "new rights" for purposes under 2255(f)(3), which extends

the limitations period for "right[s] . . . newly recognized by the Supreme Court" only if those rights have also been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner, to his credit, at least recognizes the retroactivity hurdle by framing his claim as one "seeking retroactive application" of Booker. Petition at 13. He also states that he is "preserving his claim" under Dodd v. United States, 545 U.S. 353 (2005), for the time "when the United States Supreme Court holds [*Booker*] retroactive." Id. There is no authority, however, for that kind of "just in case" claim. See, e.g., Brent v. United States, 2006 WL 1272591, *2 (N.D.Ohio May 9, 2006) (Dodd "does not stand for the proposition that a prisoner can file a collateral motion and then have it held in abeyance indefinitely pending a future decision[ ] giving retroactive application to a new rule of law"), vacated on other grounds, 2006 WL 1786134 (N.D.Ohio June 26, 2006) (denying 2255 relief).1

Accordingly, the application for relief under 28 U.S.C. § 2255 is denied and the petition dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue.

SO ORDERED.

Dated: Brooklyn, New York
August 13, 2010

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge

---

[1] In light of Dodd, such "just in case" claims, like petitioner's, are not uncommon in this Court, and perhaps understandable, for Dodd squarely holds that the one-year limitation period for filing a 2255 motion based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. Id., 545 U.S. at 357-60.